1  Margaret Rosenthal, SBN 147501
2  Shareef S. Farag, SBN 251650
   Nicholas D. Poper, SBN 293900
3  Joseph S. Persoff, SBN 307986
   **BAKER & HOSTETLER LLP**
4  11601 Wilshire Boulevard, Suite 1400
   Los Angeles, CA  90025-0509
5  Telephone:   310.820.8800
   Facsimile:   310.820.8859
6  *Email:*        *mrosenthal@bakerlaw.com*
                *sfarag@bakerlaw.com*
7                *npoper@bakerlaw.com*
                *jpersoff@bakerlaw.com*

8  *Attorneys for Defendant*
   HOST INTERNATIONAL, INC.
9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12  JESUS CAZARES, individually and         Case No.:   2:20-cv-4102
    on behalf of other individuals similarly
13  situated,                               **NOTICE OF REMOVAL OF**
                                            **ACTION TO FEDERAL COURT**
14             Plaintiff,
                                            *[Filed concurrently with Certification*
15       v.                                 *and Notice of Interested Parties; and*
                                            *Civil Cover Sheet]*
16  HOST INTERNATIONAL, INC., a
    Delaware corporation, and DOES 1-
17  100, inclusive,                         Action Filed:  April 1, 2020

18             Defendants.
19
20
21
22
23
24
25
26
27
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Host International, Inc. ("Host") removes the action filed by Jesus Cazares ("Plaintiff") in the Superior Court of the State of California, in and for the County of Los Angeles, and captioned Case No. 20STCV12878, to the United States District Court for the Central District of California.

## JURISDICTION AND VENUE

1.     This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446, because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2.     This Court is in the judicial district and division embracing the place where the state court case was brought and is pending.  Thus, this Court is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION & TIMELINESS OF REMOVAL
## PROCEDURAL BACKGROUND

3.     On April 1, 2020, Plaintiff, purportedly on behalf of himself and all others similarly situated, filed a class action complaint against Host in the Superior Court of the State of California, in and for the County of Los Angeles, Case No. 20STCV12878 (the "State Court Action").

4.     On April 8, 2020, Host was served with a copy of the Summons and Complaint.

5.     Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Host filed this removal within 30 days of its receipt of a copy of the Summons and Complaint in the State Court Action.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

6.     Exhibit "A" constitutes all process, pleadings, and orders served on Host in the State Court Action.

## CAFA JURISDICTION

7.     <u>Basis of Original Jurisdiction</u>.  This Court has original jurisdiction of this action under CAFA.  28 U.S.C. § 1332(d)(2) and (5) provide that a district court shall have original jurisdiction of a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million.  Section 1332(d)(2) further provides that any member of the putative class must be a citizen of a state different from any defendant.

8.     As set forth below, pursuant to 28 U.S.C. § 1441(a), Host may remove the State Court Action to federal court under CAFA because: (i) the amount in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) this action is pled as a class action and involves more than one hundred (100) putative class members; and (iii) members of the putative class are citizens of a state different from Host.

## DIVERSITY OF CITIZENSHIP

9.     <u>Plaintiff's Citizenship</u>.  As alleged in the Complaint, Plaintiff "is a resident of Los Angeles County, in the State of California."  (Complaint ¶ 12). Host is informed and believes that Plaintiff was, at the time of the filing of the State Court Action, and still is, a resident of the State of California.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is also prima facie evidence of domicile.  *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F. 3d 514, 520 (10th Cir. 1994).  Accordingly, Plaintiff is a citizen of the State of California.

10.     <u>Host International, Inc.'s Citizenship</u>.  Host is a citizen of the states of Delaware and Maryland.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id.*  "The public often (though not always) considers it the corporation's main place of business." *Id.* at 1193.

11.     At the time the State Court Action was commenced, Host was, and as of the date of filing of this Notice still is, a corporation formed in and incorporated under the laws of the State of Delaware.  Pursuant to the *Hertz* nerve center test, Host has its principal place of business in Maryland.  Host's headquarters are located at 6905 Rockledge Drive, Bethesda, Maryland 20817.  In addition, the majority of Host's officers direct, control, and coordinate corporate activities from that same location in Bethesda, Maryland.

12.     Doe Defendants.  Although Plaintiff has also named fictitious defendants "Does 1-100," 28 U.S.C. § 1441(a) provides, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  *See also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

13.     Minimal Diversity.  Host satisfies the minimal diversity of citizenship required by CAFA because Plaintiff (who is a member of the putative class) is a citizen of the State of California, and Host is a citizen of Delaware and Maryland. *See* 28 U.S.C. § 1332(d)(2).

14.     Size of the Putative Class.  Plaintiff filed the State Court Action as a class action.  Plaintiff's causes of action have a limitations period of four years prior to the filing of the State Court Action, with the exception of waiting time

Baker & Hostetler LLP
ATTORNEYS AT LAW
LOS ANGELES

penalties under Labor Code Section 203 which has a three-year limitations period, and wage statement penalties under Section 226 which has a one-year limitations period.  Four years prior to Plaintiff's filing of the Complaint is April 1, 2016.  Plaintiff defines the putative class as consisting of "all persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant has classified as "non-exempt" employees in the State of California" within four years prior to the filing of the Complaint. (Complaint ¶¶ 54).  However, out of an abundance of caution and to be conservative, Host has limited the relevant putative class period to January 30, 2019 to the present.[1]  Between January 30, 2019 and the present, Host employed 4,332 individuals as non-exempt employees in California.  Therefore, under Host's limitation, the putative class size is 4,332.[2]

## AMOUNT IN CONTROVERSY UNDER CAFA

15.    Removal is appropriate when it is more likely than not that the amount is controversy exceeds the jurisdictional requirement, which in this case is $5,000,000 in the aggregate. *See, e.g.*, *Cohn v. PetSmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).

16.    Plaintiff's Complaint asserts causes of action for alleged: (1) failure to pay all wages (Cal. Lab. Code §§ 204, 1194, 1194.2, 1197, 1197.1),  (2) meal break violations (Cal. Lab. Code §§ 200, 226.7, 512), (3) rest break violations (Cal. Lab. Code §§ 200, 226.7, 512), (4) failure to furnish accurate itemized wage statements (Cal. Lab. Code § 226), (5) failure to pay all wages owed upon termination of employment (Cal. Lab. Code § 203), and (6) unfair competition (Cal. Bus. & Prof.

---

[1] This limitation is based on a global settlement of five class actions filed throughout California that Host entered into and that final approval was granted by the United States District Court for the Northern District of California in *Garcia, et al. v. Host International, Inc*., Case No. 3:17-cv-03069-RS.  The settlement released all of the claims asserted by Plaintiff here for the time period of April 25, 2013 through January 29, 2019.

[2] During the purported class period as alleged in the Complaint (April 1, 2016 to the present), Host employed approximately 8,114 individuals as non-exempt employees in California.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Code §§ 17200, *et seq*.).  Plaintiff's Prayer for Relief seeks an award of compensatory damages, penalties, restitution, disgorgement of profits, prejudgment and post-judgment interest, attorneys' fees and costs, injunctive and declaratory relief, and such other and further relief as the Court deems just and proper. (*See* Complaint, Prayer for Relief).

17.     <u>Amount in Controversy</u>.  Without conceding that Plaintiff or the purported class members are entitled to or could recover damages in the amount or manner alleged, or at all, the amount in controversy in this putative class action, conservatively exceeds $5,000,000, exclusive of interest and costs.[3]

18.     <u>Claim No. 4: Inaccurate Wage Statements</u>.  Plaintiff's fourth cause of action for failure to furnish accurate, itemized wage statements alleges that Host's wage statements did not comply with California Labor Code § 226(a) because "Defendant failed to accurately represent the gross wages earned and total hours worked by Plaintiff and Class Members." (Complaint ¶ 91).  Plaintiff further alleges that the wage statements were inaccurate because "Defendant a routine policy of failing to accurately calculate the hours worked by Plaintiff and Class Members, failed to pay premiums for noncompliant meal and rest breaks, and failed to correctly calculate the regular rate of pay." (Complaint ¶ 91).  Plaintiff, on behalf of himself and the putative class members, seeks penalties pursuant to California Labor Code § 226(e). (Complaint ¶ 93).

19.     Section 226(e) provides an employee "suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a)" to recover $50 per employee for the initial pay period in which a wage statement violation occurred and $100 per employee for each violation in a subsequent pay period, not to exceed a maximum aggregate penalty of $4,000 per employee. (*See*

---

[3] This Notice does not concede and should not be construed as evidence that Host violated the legal rights of Plaintiff or any members of Plaintiff's purported class. The argument and the calculations of potential damages presented here are based on the allegations in the Complaint and solely for purposes of this Notice.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

*also* Complaint ¶ 90). A one-year limitations period applies to this cause of action seeking penalties. *Holak v. K Mart Corp.*, 2015 WL 2384895 at *6 (E.D. Cal. May 19, 2015) (observing that the "limitations period for a 226(e) claim seeking statutory penalties is one year").

20. During the relevant period of April 1, 2019 to the present, Host employed approximately 4,011 individuals as non-exempt employees who worked approximately 72,235 pay periods. Using the total number of pay periods worked by these 4,011 individuals and the minimum statutory penalty of $50 for each violation, the amount in controversy for this claim would be approximately **$3,611,750** ($50 penalty for each violation x 72,235 pay periods).

21. <u>Claim No. 5: Waiting Time Penalties</u>. Plaintiff's fifth cause of action for failure to pay wages owed at termination (waiting time penalties) defines a subclass of all non-exempt employees whose employment ended within four years of the filing of the Complaint. (Complaint ¶ 54). Plaintiff alleges that "[a]s a pattern and practice," Host "regularly" failed to pay Plaintiff and the putative class members whose employment ended their final wages. (Complaint ¶ 96). Plaintiff alleges that Host's "willful failure to pay wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due." (Complaint ¶ 98).

22. California Labor Code § 203 provides that a former employee shall receive regular daily wages for each day they were not paid, at their hourly rate, for up to thirty days. A three-year limitations period applies to a cause of action under this section. *See e.g., Gomez v. Rossi Concrete, Inc.*, 2012 WL 294616 at *3 (S.D. Cal. Jan. 31, 2012) ("The three year statute of limitations . . . applies here for waiting-time penalties.").

23. Although Plaintiff's waiting time penalties dates back to April 1, 2017 (three years prior to the filing of the Complaint), as discussed above, Host has limited its amount in controversy calculations to the time period beginning January

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

30, 2019 based on a prior class settlement. Since January 30, 2019, approximately 1,895 individual non-exempt employees in California separated from employment with Host. Because Plaintiff alleges widespread wage and hour violations resulting in the regular failure to pay non-exempt employees all straight time wages and overtime as well as "compensation required for missed rest and meal breaks, and for time spent 'off the clock,'" it is reasonable for purposes of this Notice only to calculate the amount in controversy as follows: using the final hourly rate of pay for the 1,895 individuals who separated from employment since January 31, 2019, and conservatively assuming that these individuals work only 8 hours per day, the amount in controversy for this claim would be approximately **$6,813,529** (8 hours per day x individual's final hourly pay rate x 30 days).[4]

24. <u>Total Amount in Controversy for Just Two Causes of Action.</u> Based solely on the two causes of action considered above, the class-wide amount in controversy, conservatively estimated, is at least **$10,425,279**. This showing as to the amount in controversy satisfies the standard for removal. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014). A summary of the amount in controversy discussed above is as follows:

| Cause of Action | Amount in Controversy |
|---|---|
| Inaccurate Wage Statements (No. 4) | **$6,813,529** |
| Waiting Time Penalties (No. 5) | **$3,611,750** |
| **TOTAL:** | **$10,425,279** |

---

[4] During the purported subclass period for waiting time penalties as alleged in the Complaint (April 1, 2017 to the present), approximately 4,440 individuals who separated from employment with Host.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

25.     <u>Amount in Controversy for Remaining Causes of Action.</u>  The amount in controversy exceeds the $5,000,000 CAFA threshold, without taking into account Plaintiff's additional causes of action for alleged failure to pay all wages (No. 1), meal break violations (No. 2), rest break violations (No. 3), and unfair competition (No. 6).  Even though Host has not assigned any particular amount to these causes of action, assignment of any sum only further increases the amount in controversy beyond $5,000,000.

### ATTORNEY'S FEES

26.     When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Plaintiff has sought attorneys' fees for the Labor Code violations alleged in the Complaint.  Because Host has established that the $5,000,000 CAFA threshold is met considering only two of Plaintiff's causes of action, it does not assign in this Notice any amount to Plaintiff's request for attorneys' fees.  Should there be any doubt as to whether Host has demonstrated that the amount in controversy under the two causes of action examined above exceeds $5,000,000, however, Plaintiff's request for attorneys' fees should be included in analyzing the amount in controversy.

### NOTICE OF PARTY WITH FINANCIAL INTEREST

27.     Pursuant to Local Rule 7.1-1, a Certification and Notice of Interested Parties is being filed concurrently with this Notice of Removal.

///

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## NOTICE

28.     As required by 28 U.S.C. § 1446(d), Host is providing written notice of the filing of this Notice of Removal to Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

Dated:  May 5, 2020                              Respectfully submitted,

                                                 **BAKER & HOSTETLER LLP**

                                                 By:     */s/ Shareef S. Farag*
                                                         Margaret Rosenthal
                                                         Shareef S. Farag
                                                         Nicholas D. Poper
                                                         Joseph S. Persoff

                                                 *Attorneys for Defendant*
                                                 HOST INTERNATIONAL, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**PROOF OF SERVICE**

      I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-7120.  On **May 5, 2020**, I served a copy of the within document(s):
**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California  addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill in the care and custody of **Golden State Overnight**, and causing the envelope to be delivered to a **Golden State Overnight** agent for delivery on the next business day.

☐  by placing document(s) listed above in the care and custody of Ace Attorney Services for personal delivery to the person(s) at the address(es) set forth below. Proof of service to be filed after completion of service.

☑  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Marcus J. Bradley, Esq. | Sahag Majarian II, Esq. |
| Kiley L. Grombacher, Esq. | **LAW OFFICES OF SAHAG** |
| Lirit Ariella King, Esq. | **MAJARIAN II** |
| **BRADLEY/GROMBACHER, LLP** | 18250 Ventura Boulevard |
| 31365 Oak Crest Drive, Suite 240 | Tarzana, CA 91356 |
| Westlake Village, CA 91361 | Tel:    (818) 609-0807 |
| Tel:    (805) 270-7100 | Fax:    (818) 609-0892 |
| Fax:    (805) 270-7589 | *Email:  sahagii@aol.com* |
| *Email: mbradley@bradleygrombacher.com* | |
|     *kgrombacher@bradleygrombacher.com* | *Attorneys for Plaintiff* |
|     *lking@bradleygrombacher.com* | |

*Attorneys for Plaintiff*

      I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

      Executed on **May 5, 2020** at Los Angeles, California.

                                            */s/ Hien Tran*
                                            Hien Tran

4827-4942-9434

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES