UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4102 PA (KSx) | Date | July 2, 2020 |
|---|---|---|---|
| Title | Jesus Cazares v. Host International, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS    COURT ORDER

    Defendant Host International, Inc. ("Defendant") filed its Notice of Removal on May 5, 2020. The Notice of Removal alleges the Court possesses jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). To invoke diversity jurisdiction pursuant to CAFA, it must be established that at least one plaintiff and one defendant are citizens of different states, and that the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id. "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 82 (2014)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4102 PA (KSx) | Date | July 2, 2020 |
|---|---|---|---|
| Title | Jesus Cazares v. Host International, Inc. | | |

challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197.

Using a class period beginning on January 30, 2019, Defendant asserts in its Notice of Removal that it employed 4,332 non-exempt employees in California during the relevant time period. However, in the parties' Response to the Court's Order to Show Cause concerning the connection between this action and a prior action litigated in the Northern District of California, the parties stated:

> Jesus Cazares ("Plaintiff") is a resident of Los Angeles County and his allegations related to his work for Host International Inc. ("Defendant" at Los Angeles International Airport ("LAX"). Plaintiff's allegations relate specifically to the physical layout of LAX, the majority of the putative class members work or worked at LAX, the likely witnesses work and reside within the Central District, Plaintiff chose to bring this Action in Los Angeles County, and the Central District is Defendant's preferred venue. At its core, Plaintiff's claim is dependent on whether the time he spent complying with TSA procedures at LAX is compensable.

(Docket No. 19.) Defendant's Notice of Removal did not identify the number of its non-exempt employees at LAX during the relevant period. It is therefore not at all clear from the Notice of Removal or any other evidence provided to the Court that Defendant's CAFA allegations are sufficient to support this Court's jurisdiction based on the number of Defendant's non-exempt employees at LAX during the relevant period.

Additionally, in an effort to satisfy the amount in controversy, Defendant's Notice of Removal relies solely on plaintiff's claims for inaccurate wage statements and waiting time penalties. However, as Defendant contended in its Motion to Dismiss, and as the Court found, those claims failed as a matter of law because they relied only on the operative Complaint's claim for unpaid wages and therefore sought a "double recovery" that is not recognized under California law. See Betancourt v. OS Restaurant Servs., LLC, 49 Cal. App. 5th 240, __, 262 Cal. Rptr. 3d 745, 750 (2020) ("[A] claim for waiting time penalties is 'purely derivative of' a suit for the unpaid wages from which the penalties arise.") (quoting Ling v. P.F. Chang's China Bistro, Inc., 245 Cal. App. 4th 1242, 1261, 200 Cal. Rptr. 3d 230, 244 (2016)); id. ("[A] plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4102 PA (KSx) | Date | July 2, 2020 |
|---|---|---|---|
| Title | Jesus Cazares v. Host International, Inc. | | |

is not entitled to recover penalties for waiting time and wage statement violations based on claims of nonprovision or rest or meal periods . . . ."); see also Stewart v. San Luis Ambulance, Inc., Case No. 15-56943, __ F. App'x __, 2020 WL 3496645, at *2 (9th Cir. June 29, 2020) ("Because Stewart's meal-period claim fails, Stewart's derivative claims for failure to pay wages and inaccurate wage statements also fail."). It is therefore not clear that either Plaintiff's operative Complaint or the Notice of Removal alleges a non-frivolous basis for satisfying CAFA's amount in controversy requirement.

    For these reasons, the Court hereby orders the parties to show cause in writing why this case should not be remanded for lack of subject matter jurisdiction because Defendant has failed to show, by a preponderance of the evidence, that this action satisfies CAFA's jurisdictional requirements. Defendant's response to this Order to Show Cause shall be filed no later than July 13, 2020. Plaintiff's reply, if any, shall be filed no later than July 20, 2020.

    IT IS SO ORDERED.